UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY AMORELLO,<br>PETER AMORELLO,<br>        Plaintiffs,<br><br>        v.<br><br>Wells Fargo Bank, N.A.,<br>        Defendant. | CIVIL ACTION<br>NO. 14-10200-DHH |

## ORDER

### October 21, 2014

Hennessy, M.J.

On March 3, 2014, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a Motion to Dismiss Plaintiffs Nancy Amorello and Peter Amorello's Complaint. (Docket #18). Plaintiffs then filed an Amended Complaint on March 17, 2014. (Docket #20). On March 25, 2014, Wells Fargo filed a Motion to Dismiss the Amended Complaint. (Docket #22). Plaintiffs filed an opposition to the Motion to Dismiss the Amended Complaint on April 7, 2014. (Docket #24). These matters are now ripe for adjudication. For the reasons that follow, Wells Fargo's Motion to Dismiss (Docket #18) is DENIED AS MOOT and Wells Fargo's Motion to Dismiss the Amended Complaint (Docket #22) is ALLOWED.

I.    BACKGROUND

On October 12, 2005 or October 14, 2005, the Plaintiffs granted a mortgage to New Century Mortgage Corporation ("New Century") secured by property located in Sutton, Massachusetts. (Docket #20 at ¶¶ 4, 6). On October 12, 2005, Peter Amorello executed an

adjustable rate note in favor of New Century agreeing to pay the sum of $315,000. (Id. at ¶ 7). The Note was for thirty years with an initial interest rate of 8.7 percent. (Id. at p. 25).

On March 13, 2007, the Commonwealth of Massachusetts issued a cease and desist order directing New Century to immediately cease engaging in mortgage lending and brokerage activities within the Commonwealth. (Id. at ¶ 8). On October 4, 2007, the California Department of Corporations issued an order revoking the residential mortgage lender and residential mortgage loan service license of New Century. (Id. at ¶ 9). Under the terms of this order, New Century had sixty days within which to transfer its existing service accounts and complete any loans for which it had commitments. (Id. at ¶¶ 9-10, pp. 29-30). On December 28, 2007, New Century transferred the Plaintiffs' mortgage to Wells Fargo via a written assignment of mortgage. (Id. at ¶ 11, p. 31). On February 21, 2012, New Century executed a corporate assignment of mortgage to Wells Fargo. (Id. at ¶ 12, p. 32).

Plaintiffs filed suit in Worcester Superior Court on November 4, 2013. (Docket #1 at 1; Docket #1-1 at 3-5). On January 27, 2014, Wells Fargo removed the action to this Court. (Docket #1). Plaintiffs' Amended Complaint contains three counts. In Count I, Plaintiffs seek damages, asserting that the terms of the mortgage constitute predatory lending. (Docket #20 at ¶¶ 13-19). In Count II, Plaintiffs assert that New Century's transfer of their mortgage to Wells Fargo violated the California Department of Corporations order of October 4, 2007, and thus the mortgage should be declared null and void. (Id. at ¶¶ 20-22). In Count III, Plaintiffs request a declaratory judgment that the mortgage is null and void. (Id. at ¶¶ 23-24).

II. STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim

showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 U.S. Dist. LEXIS 88007, at *13 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). In addition, the pleadings must afford the defendants "a meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quotation omitted).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see also DM Research, Inc. v.

Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible," Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

Although most motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are "premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). "As a general rule, a properly raised affirmative defense can be adjudicated on a motion to dismiss so long as (i) the facts establishing the defenses are definitely ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004).

III.  ANALYSIS

A.  Count I

In Count I of their Complaint, entitled "Predatory Lending," Plaintiffs allege that their mortgage, which was for more than 97 percent of the value of their home, adjusted a little after two years from the date of signing with the introductory loan rate being at least 3 percent lower than the first adjusted rate.  (Id. at ¶¶ 15, 17).  Plaintiffs state that, following the first loan adjustment, the total of their debt payments each month was greater than 50 percent of their combined income.  (Id. at ¶ 16).  Plaintiffs claim that they are entitled to damages from Wells Fargo.  (Id. at ¶¶ 13-19).  It appears that Plaintiffs could raise one of two claims in this Count; a violation of the Massachusetts Predatory Home Loans Practices Act, Mass. Gen. Laws ch. 183C, §§ 1 et seq., or a violation of Massachusetts General Laws chapter 93A.  In either case, Count I is time-barred.

The Massachusetts Predatory Home Loans Practices Act prohibits a lender from making a high-cost home mortgage loan[1] unless the lender reasonably believes at the time the loan is executed that the borrower "will be able to make the scheduled payments to repay the home loan based upon a consideration of the [borrower's] current and expected income, current and expected obligations, employment status, and other financial resources other than the borrower's equity in the dwelling which secures repayment of the loan."  Mass. Gen. Laws ch. 183C, § 4.  A borrower is presumed to be able to make the scheduled payments if the borrower's debt-to-income ratio, calculated based on the fully indexed rate associated with an adjustable rate mortgage, does not exceed 50 percent of the borrower's verified monthly gross income.  Id.; Commonwealth v. Fremont Inv. & Loan, 452 Mass. 733, 748 (2008).  A violation of the

---

[1] "High-cost home mortgage loan" is a term of art defined in section 2 of Massachusetts General Laws chapter 183C.

Predatory Home Loans Practices Act constitutes a violation of Massachusetts General Laws chapter 93A. Mass. Gen. Laws ch. 183C, § 18(a).

A borrower may bring an original action for violation of the Predatory Home Loans Practices Act within five years of the closing of a high-cost home mortgage loan. Mass. Gen. Laws. ch. 183C, § 15(b)(1). Plaintiffs allege that the mortgage was executed on either October 12, 2005 or October 14, 2005. (Docket #20 at ¶ 6). Plaintiffs filed suit on November 4, 2013, more than eight years after they executed the mortgage. (Docket #1 at 1). Plaintiffs assert that the Predatory Home Loans Practices Act is not time-barred as Plaintiffs continue to suffer ongoing harm as a result of predatory lending which continues on to this day; however, Plaintiffs cite to no authority, nor does this Court find any, allowing Plaintiffs to bring an original action under this Act once the statute of limitations has run. Moreover, the Court is confident that the Massachusetts legislature recognized the possibility that borrowers could face ongoing harm from predatory loan practices, lasting more than five years, when it chose this limitations period. Hence, Plaintiffs' claim under the Predatory Home Loans Practices Act is time-barred. See Mass. Gen. Laws ch. 183C, § 15(b)(1); Da Silva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 504 (D. Mass. 2012) (holding that plaintiff's claim of violation of Mass. Gen. Laws ch. 183C was time-barred as plaintiff brought suit more than five years after the date of closing).

To the extent that Plaintiffs base any part of their claim in Count I on Massachusetts General Laws chapter 93A, that claim is time-barred as well. Claims brought under chapter 93A are subject to a four-year statute of limitations. Mass. Gen. Laws ch. 260, § 5A. The four year statute of limitations expired in October of 2009 and, therefore, any claim under chapter 93A is untimely. See Da Silva, 885 F. Supp. 2d at 504.

Therefore, Count I of the Amended Complaint is dismissed for failure to state a claim upon which relief can be granted.[2]

B.     Count II

In Count II of their Amended Complaint, Plaintiffs assert that New Century violated the California Department of Corporations order of October 4, 2007 when it transferred the Plaintiffs' mortgage to Wells Fargo. (Docket #20 at ¶¶ 21). Plaintiffs assert that the mortgage should be declared null and void under the Full Faith and Credit Clause of the Constitution. (Id. at ¶ 22). Plaintiffs also seek damages under Count II. (Id.).

The California Department of Corporations order of October 4, 2007 required New Century to New Century to transfer its existing service accounts, including Plaintiffs' account, within sixty days. New Century did not transfer Plaintiffs' mortgage to Wells Fargo until December 28, 2006, approximately eighty-five days after the California Department of Corporations' order. However, Plaintiffs have failed to allege any harm suffered as a result of the transfer taking place eighty-five days after the California Department of Corporations' order as opposed to sixty days. Moreover, Plaintiffs cite no case law, nor could the Court find any, holding that failure to transfer the mortgage within the requisite time period would result in the mortgage being declared null and void.

Therefore, Count II of the Amended Complaint is dismissed for failure to state a claim upon which relief can be granted.

---

[2] Because the Court finds that Plaintiffs' claims in Count I are time-barred, it does not address Wells Fargo's remaining arguments as to why Plaintiffs fail to state a cause of action in Count I.

C.   Count III

In Count III, Plaintiffs seek a declaratory judgment that their mortgage is null and void due to Wells Fargo's ongoing predatory lending.  For the same reasons that Count I is dismissed, Count III is also dismissed.

IV.   CONCLUSION

For the foregoing reasons, Wells Fargo's Motion to Dismiss (Docket #18) is DENIED AS MOOT and Wells Fargo's Motion to Dismiss the Amended Complaint (Docket #22) is ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE